IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-CR-10008-JDB-3 |
| | ) | |
| JESSY NAPPER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE**

Before the Court is the *pro se* motion of Defendant, Jessy Napper, for a reduction of his sentence. (D.E. 173.) Napper, Bureau of Prisons ("BOP") register number 22952-076, is currently incarcerated at the Forrest City Federal Correctional Complex in Forrest City, Arkansas. (D.E. 173-1.) The United States has filed a response in opposition, D.E. 175, making the matter ripe for adjudication. For the reasons discussed below, the motion is DENIED.

**I.  BACKGROUND**

On January 22, 2013, a federal grand jury returned a three-count indictment against Napper and three other defendants, charging them with conspiracy to distribute and possess with the intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and aiding and abetting related to possession with intent to distribute cocaine base (Count Two) and cocaine (Count Three), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (D.E. 2.) On November 7, 2013, shortly before Napper was scheduled for trial, he entered a plea of guilty on all three counts. (Minute ("Min.") Entry, D.E. 114.) There was no written plea agreement with the government. (*Id.*)

Following Petitioner's guilty plea, the United States Probation Office conducted a presentence investigation and prepared a report ("PSR") in anticipation of sentencing. (*See* PSR.) Napper's adjusted offense level was eighteen, but because he had at least two prior felony convictions for either a crime of violence or a controlled substance offense, he qualified for a sentence enhancement as a career offender. (PSR ¶¶ 15, 21. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 (2013).[1] *See also* PSR ¶¶ 37, 41, 44 (Defendant's prior drug convictions relevant to § 4B1.1).) This designation automatically adjusted his offense level to thirty-two. (PSR ¶ 21. *See* U.S.S.G. § 4B1.1(3).) After applying the career offender enhancement, along with a reduction for acceptance of responsibility, Napper's total offense level was twenty-nine, with a criminal history category of VI, resulting in a guideline range of 151 to 188 months. (*Id.* at ¶ 81.)

On February 24, 2014, this Court sentenced Defendant to three concurrent terms of 135 months' imprisonment, followed by three years of supervised release, and a $300 special assessment.[2] (Min. Entry, D.E. 148.) The sentence reflected a credit of sixteen months for time already served. (*Id.*) Defendant appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed his sentence. *United States v. Napper*, No. 14-5206 (6th Cir. Nov. 7, 2014). *See* D.E. 162 (copy of the court's opinion).

"On November 1, 2014, the United States Sentencing Commission passed retroactive amendments to the Sentencing Guidelines, which lowered all base offense levels for drug

---

[1] The 2013 edition of the Sentencing Guidelines Manual was used in this case. (PSR at ¶ 12.)

[2] Defendant's sentence in this case was to be served concurrent to undischarged terms of imprisonment in two other cases, one in the Western Division of the Western District of Tennessee and one in the Circuit Court of Dyer County, Tennessee. (D.E. 150 at 3. *See United States v. Napper*, No. 2:09-cr-20123-SHM-cgc-5 (W.D. Tenn.) (D.E. 611).) Defendant also filed a motion to reduce his sentence in that case, which the court denied. (*Id.* at D.E. 689.)

2

offenses described in Guidelines U.S.S.G. § 2D1.1 and 2D1.11 by two levels." *United States v. Lucas*, 636 F. App'x 296, 297–98 (6th Cir. 2016) (citing U.S.S.G. Supp. App. C Amend. 782, 788 (2014)). Section 2D1.1 "governs the base offense level for various drug quantities." *United States v. Braden*, 643 F. App'x 531, 533 (6th Cir. 2016). The Probation Office relied on § 2D1.1 in calculating Defendant's base offense level. (PSR ¶¶ 14–15.) On July 1, 2016, Defendant filed the instant motion in this Court, requesting a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (D.E. 173.)

## II. DISCUSSION

"The authority of a district court to resentence a defendant is limited by statute." *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Eighteen U.S.C. § 3582(c) provides that "[t]he court may not modify a term of imprisonment once it has been imposed" unless one of its enumerated exceptions applies.

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C § 3582(c)(2). "To satisfy the requirements for a sentence reduction under 18 U.S.C. § 3582(c)(2), 'a guidelines amendment must have the effect of lowering the defendant's applicable guideline range.'" *Braden*, 643 F. App'x at 533 (quoting *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013). A defendant's applicable guideline range is "the range produced under the guidelines' sentencing table after a correct determination of the defendant's total offense level and criminal history category but prior to any discretionary departures." *United States v. Pembrook*, 609 F.3d 381, 385 (6th Cir. 2010) (quoting *United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010)).

Napper argues that the § 3582(c)(2) exception applies to his case because his guideline range was calculated under § 2D1.1. (D.E. 173 at 1. *See* PSR ¶ 15.) The government avers that Defendant's sentence should not be reduced because § 2D1.1 did not affect the Probation Office's calculation of his final offense level. (D.E. 175 at 3.) Section 4B1.1 provides that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." U.S.S.G. § 4B1.1(b). Thus, designation as a career offender makes a defendant "subject not to the drug-trafficking offense levels set forth in § 2D1.1, but to the much more severe career-offender offense levels set forth in § 4B1.1." *United States v. Blaine*, 656 F. App'x 765, 770 (6th Cir. 2016).

Napper's offense level calculated under § 2D1.1 was eighteen, while his offense level under § 4B1.1(b) was thirty-two. Thus, the Probation Office properly proceeded in its calculation by using the level derived from § 4B1.1(b) rather than § 2D1.1. Therefore, Defendant's "applicable guideline range is not controlled by the § 2D1.1[] drug guideline but it is controlled by the career-offender guideline under U.S.S.G. § 4B1.1." *Braden*, 643 F. App'x at 534. This brings the sentence outside the scope of § 3582, as "Amendment 782 did not have any effect on the § 4B1.l career offender guidelines."[3] *Id.* at 535. Even if the two-level reduction under § 2D1.1 reflecting the Sentencing Commission's 2014 amendments had been applied at the time the presentence report was compiled, it would have had no effect on Defendant's final

---

[3] The Sixth Circuit has held similarly with respect to other retroactively applicable amendments to § 2D1.1 in cases where a defendant's sentence was based on § 4B1.1's career offender enhancement. *United States v. Johnson*, 570 F. App'x 560, 564 (6th Cir. 2014) (Amendment 750); *United States v. Perdue*, 572 F.3d 288, 291 (6th Cir. 2009) (Amendment 706).

offense level of twenty-nine. His offense level under § 2D1.1 would have been sixteen rather than eighteen, and 4B1.1(b)'s offense level of thirty-two would still control.

Additionally, the transcript from the sentencing hearing makes clear that the Court did not rely upon § 2D1.1 in determining Defendant's sentence. Indeed, it indicates the contrary. During the hearing, the Court explicitly acknowledged that § 4B1.1's career offender enhancement controlled the guideline range it relied on in sentencing him, rather than § 2D1.1. (D.E. 156 at 32:17–23 ("[U]ltimately the amounts of narcotics that were involved . . . because of the career offender status, does not impact at least the advisory range determination.").) Defense counsel admitted that the amount of drugs "doesn't affect the guideline range . . . ." (*Id.* at 7:21–22.) The Court also observed that Defendant "qualifies as a career offender, which would place him in an offense level of 32," and proceeded to walk through the offense level calculation and advisory range using that figure, rather than 18. (*Id.* at 29:22–24.)

## III. CONCLUSION

Because Defendant was sentenced as a career offender, he is ineligible for a sentence reduction under § 3582(c)(2) and this Court has no discretion to grant one. For the reasons stated above, Defendant's motion to reduce his sentence is DENIED.

IT IS SO ORDERED this 23rd day of January, 2017.

                                        s/ J. DANIEL BREEN
                                        CHIEF UNITED STATES DISTRICT JUDGE