IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.	No. 1:13-cr-10008-JDB

JESSY NAPPER,

    Defendant.

---

ORDER DIRECTING CLERK OF COURT TO APPOINT COUNSEL

---

On April 8, 2019, the Defendant, Jessy Napper, moved for a reduction of his sentence pursuant to the First Step Act of 2018. (Docket Entry ("D.E.") 215.) Assistant Federal Public Defender LaRonda R. Martin appeared on his behalf (D.E. 217) and, on May 8, 2019, filed a notice advising the Court that Napper was not likely eligible for relief under the statute (D.E. 218). Before the Court is the May 31, 2019, filing of the Defendant pro se, in which he seeks appointment of an attorney from the CJA Panel. (D.E. 219.)

In Administrative Order No. 2019-07, the Court appointed the Office of the Federal Public Defender to represent defendants prosecuted and convicted in criminal cases to determine whether those individuals may be eligible to apply for a sentence reduction under the First Step Act. It further provided that "[i]n the event of any conflicts of interest concerning the Federal Public Defender's Office, applicable defendants will be represented by counsel appointed from the Court's CJA Panel."

In his May 31 filing, Napper argues that, because he filed a petition under 28 U.S.C. § 2255, claiming ineffective assistance of his criminal trial counsel, then Assistant Federal Public

1

Defender Randolph W. Alden (*see* Case No. 1:16-cv-01023-JDB-egb, D.E. 1), the Federal Public Defender's Office has a conflict of interest in this matter.

As it appears to the Court that a conflict does exist with respect to the Federal Public Defender's Office, the Clerk of Court is DIRECTED, in accordance with Administrative Order 2019-07, to appoint a member of the CJA Panel to represent the Defendant in connection with his First Step Act review.

IT IS SO ORDERED this 7th day of June 2019.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE